UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDDIE PORTER,

      Plaintiff,

  v.                                6:25–CV–6185–MAV
                                          ORDER

PRIMECARE MEDICAL INC., DR.
FLETCHER, and N.P. LYNCH,

      Defendants.[1]

---

## INTRODUCTION

*Pro se* Plaintiff Eddie Porter, who is incarcerated at Wyoming Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff claimed that he was subjected to cruel and unusual punishment under the Eighth Amendment due to inadequate medical care. *Id.* Upon screening of Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, some of Plaintiff's claims were dismissed with leave to file an amended complaint, and some claims were dismissed with prejudice.[2] ECF No. 13. Plaintiff timely filed an amended complaint. ECF No. 14.

---

[1] The Clerk of Court shall amend the caption as set forth above.

[2] Plaintiff's claims against the Monroe County Sheriff's Office were dismissed without leave to amend, and all other claims in the complaint were dismissed with leave to amend. ECF No. 13 at 14–15. The Court assumes familiarity with its initial screening order and will reference it only as necessary.

For the reasons that follow, Plaintiff's claims against Defendants Dr. Fletcher and Nurse Practitioner Lynch, in their individual capacities, may proceed to service. Plaintiff's claims against Defendant PrimeCare Medical, Inc., and the official capacity claims against Defendants Dr. Fletcher and Nurse Practitioner Lynch, are dismissed without leave to amend under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## LEGAL STANDARDS

### I.    Legal Standards

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). Permission to amend, however, "is not required where the plaintiff has already been afforded the opportunity to amend." *Bivona v. McLean*, No. 9:19-CV-0303, 2019 WL 2250553, at *5 (N.D.N.Y. May 24, 2019) (citing cases); *Cancel v. New York City Hum. Res. Admin./Dep't of Soc. Servs.*, 527 F. App'x 42, 44 (2d Cir. 2013) ("[T]he district court had already permitted [the

plaintiff] to amend his complaint once, and nothing in his amended complaint suggested that he would be able to state a valid . . . claim if he were granted leave to amend a second time. Therefore, granting [the Plaintiff] leave to amend his amended complaint as to these claims would have been futile."); *Cato v. Zweller*, No. 6:21-CV-6207 EAW, 2023 WL 8653857, at *2 (W.D.N.Y. Dec. 14, 2023) (dismissing the amended complaint with prejudice because it "does not remedy any of the pleading deficiencies identified in the Screening Order").

## II.    The Amended Complaint[3]

Plaintiff alleges that he received inadequate medical care from Dr. Fletcher and Nurse Practitioner Lynch, of PrimeCare Medical Inc., while he was incarcerated at the Monroe County Jail. ECF No. 14 at 5. Plaintiff alleges that "egregious medical negligence" occurred in March 2025 and during the entire nine-month period he was confined at the Monroe County Jail. *Id.*

Plaintiff was diagnosed with congestive heart failure. *Id.* During his time in the Monroe County Jail, the symptoms of this condition worsened, including swelling in his extremities. *Id.* He noticed the condition was exacerbated due to his confinement. *Id.* Dr. Fletcher and Nurse Practitioner Lynch were notified, but they did nothing to treat Plaintiff's worsening symptoms. *Id.* Dr. Fletcher and Nurse Practitioner Lynch did not "address the medication adjustment" during Plaintiff's entire time at Monroe County Jail. *Id.*

---

[3] The Court accepts Plaintiff's allegations as true for purposes of screening his amended complaint. Page references to docket entries are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

It was not until Plaintiff was moved upstate to Elmira Correctional Facility that his medications were adjusted to lessen his symptoms. *Id.* This delay caused osteomyelitis in Plaintiff's toe and foot. *Id.* at 5–6. Plaintiff's toe and foot nearly needed to be amputated, and he was hospitalized as a result. *Id.*

Plaintiff has sued the individual Defendants in their individual and official capacities, and he seeks money damages for permanent physical injuries and distress he suffered because of this conduct. *Id.*

## DISCUSSION

### I.    Municipal Liability

A municipality cannot be held liable under Section 1983 unless the challenged action was undertaken pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). To state such a claim, a plaintiff must plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

An official policy or custom can be established by showing:

> (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates.

*Kurmangaliyev v. City of New York*, 22-CV-5656 (LDH), 2023 WL 8654023, at *2 (E.D.N.Y. Dec. 14, 2023) (collecting cases).

Plaintiff asserts a claim against PrimeCare Medical, Inc. ("PrimeCare") on the basis that Dr. Fletcher and Nurse Practitioner Lynch are employed by PrimeCare through the Monroe County Jail. ECF No. 14 at 5. "A private entity such as PrimeCare, that contracts to provide medical services to a municipality, is considered a municipal defendant for purposes of the *Monell* pleading requirements." *James v. Monroe Cnty.*, 20-CV-7094, 2022 WL 17155831, at *11 (W.D.N.Y. Nov. 22, 2022) (collecting cases). Like municipal defendants, private employers are not liable under § 1983 for the constitutional torts of their employees, unless the plaintiff proves that "action pursuant to official . . . *policy* of some nature caused a constitutional tort." *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) (quoting *Monell*, 436 U.S. at 691).[4]

The amended complaint, however, does not allege any facts suggesting that Plaintiff's rights were violated pursuant to a policy or custom of Monroe County or PrimeCare. He alleges only that Dr. Fletcher and Nurse Practitioner Lynch were notified of his heart failure symptoms but failed to adjust his medications or address his worsening symptoms. ECF No. 14 at 5.

---

[4] Further, "it is well settled that 'a suit against a municipal officer in his or her official capacity is functionally equivalent to a suit against the entity of which the officer is an agent.'" *Rech v. Siragusa*, 6:23-CV-6039, 2023 WL 2559409, at *7 (W.D.N.Y. Mar. 3, 2023) (quoting *Baines v. Masiello*, 288 F. Supp. 2d 376, 384 (W.D.N.Y. 2003)). Thus, Plaintiff's official capacity claims against Dr. Fletcher and Nurse Practitioner Lynch are redundant of his claims against PrimeCare and accordingly will be dismissed.

Plaintiff therefore has failed to state a viable claim of municipal liability. Because Plaintiff has already had an opportunity to amend and nothing suggests that he may be able to state a valid claim, his claims against PrimeCare, and the individual Defendants in their official capacities, are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Cancel*, 527 F. App'x at 44.

## II.    Eighth Amendment Deliberate Indifference to Medical Needs

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to his serious medical needs.'" *Collymore v. Myers,* 74 F.4th 22, 30 (2d Cir. 2023) (brackets omitted) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)).[5] Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle,* 429 U.S. at 104–05. "The standard of deliberate indifference includes both subjective and objective components." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

The objective component requires the prisoner to demonstrate that the alleged deprivation of medical care was "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "[I]f the unreasonable medical care is a failure to provide any treatment for an inmate's

---

[5] In its initial screening order, the Court questioned whether Plaintiff was a convicted prisoner, protected by the Eighth Amendment, or a pretrial detainee, protected by the Due Process Clause of the Fourteenth Amendment, at the time the alleged constitutional violation occurred. ECF No. 13 at 9 n.6. After being advised of the differences in the respective standards, Plaintiff again frames this as an Eighth Amendment claim, and the Court treats it as such for purposes of screening. *See* ECF No. 14 at 5. In any event, the amended complaint also sufficiently alleges a deliberate indifference to medical needs claim under the Fourteenth Amendment.

medical condition, courts examine whether the inmate's medical condition is sufficiently serious." *Salahuddin v. Goord,* 467 F.3d 263, 280 (2d Cir. 2006) (citing *Smith v. Carpenter,* 316 F.3d 178, 185–86 (2d Cir. 2003)), *abrogated on other grounds by Kravitz v. Purcell,* 87 F.4th 111, 119, 122 (2d Cir. 2023). "Though there is no single metric" for establishing a "sufficiently serious" medical condition, it "refers to a condition of urgency that may result in degeneration or extreme pain, that significantly affects daily activities, or that involves chronic and substantial pain." *See Mallet v. N.Y. State Dep't of Corr. & Cmty. Supervision,* 126 F.4th 125, 132 (2d Cir. 2025). On a spectrum, "[t]he condition need not be 'life-threatening' or 'at the limit of human ability to bear,' but it must be more than simply 'uncomfortable and annoying.'" *Id.* (quoting *Brock v. Wright,* 315 F.3d 158, 163 (2d Cir. 2003)).

By contrast, "where the inadequacy is in the medical treatment given, the seriousness inquiry is narrower." *Salahuddin,* 467 F.3d at 280. For example, if there "is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone" to determine whether the alleged deprivation is objectively sufficiently serious. *Smith,* 316 F.3d at 185 (emphasis omitted).

The subjective component requires that a defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Darby v. Greenman,* 14 F.4th 124, 128

(2d Cir. 2021) (quoting *Farmer*, 511 U.S. at 837). A defendant's "'failure to alleviate a significant risk that he should have perceived but did not' does not meet this standard." *Id.* (quoting *Farmer*, 511 U.S. at 838).

The allegations made against the individual Defendants in the amended complaint sufficiently allege that Defendants acted with deliberate indifference towards Plaintiff's medical needs in violation of the Eighth Amendment.

The amended complaint states that Plaintiff was diagnosed with congestive heart failure and that he was not treated appropriately. ECF No. 14 at 5. This constitutes a sufficiently serious deprivation of care. *See Zikianda v. Cnty. of Albany*, 12-CV-1194, 2015 WL 5510956, at *28 (N.D.N.Y. Sept. 15, 2015) ("failing to treat congestive heart failure . . . surely qualifies as a serious medical need").[6]

Plaintiff has also alleged that Defendants acted with deliberate indifference to this serious medical need. Plaintiff alleges that during his time in Monroe County Jail his congestive heart failure symptoms worsened. ECF No. 14 at 5. His health conditions were exacerbated due to his confinement and Dr. Fletcher and Nurse Practitioner Lynch were notified of the worsening symptoms. *Id.* Despite this knowledge, Dr. Fletcher and Nurse Practitioner Lynch did not address the situation or adjust Plaintiff's medication over a nine-month period. *Id.* It was not until Plaintiff was transferred from Monroe County Jail to Elmira Correctional Facility that his worsening symptoms were treated. *Id.* After arrival at Elmira, Plaintiff required

---

[6] Plaintiff's initial complaint provided additional allegations regarding his medical conditions during the relevant time period. Namely, that he twice suffered a diabetic coma, had been diagnosed with congestive heart failure "due to excessive medication," had become unable to walk, and had suffered significant swelling in his extremities and other parts of the body. *See* ECF No. 1 at 5.

hospitalization, was diagnosed with osteomyelitis, and nearly had to have his toe or foot amputated. *Id.* These allegations suggest that Defendants knew of a substantial risk to Plaintiff's health and safety and that Defendants disregarded that risk by failing to treat Plaintiff's worsening symptoms of congestive heart failure.

For these reasons, Plaintiff has stated a colorable claim of deliberate indifference to serious medical needs against the individual Defendants. This claim may proceed to service.

### III.    State Law Claim

The Court construes the amended complaint as reasserting a state law claim for medical malpractice against the individual Defendants. *See* ECF No. 14 at 6 (seeking monetary damages for the "egregious medical malpractice and negligence of Dr. Fletcher and NP Lynch"). Under New York law, the essential elements of a medical malpractice claims are "(1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury." *Mendoza v. Maimonides Med. Ctr.*, 203 A.D.3d 715, 716 (2d Dep't 2022).

Plaintiff has alleged that Defendants' failure to adjust his congestive heart failure medications was negligent and caused serious injuries. ECF No. 14 at 5. He also alleges that upon arrival at another facility a different health care provider adjusted his medications and lessened his symptoms. *Id.* Although the amended complaint certainly lacks factual detail, it nonetheless states a colorable claim for medical malpractice. Accordingly, this claim may proceed to service against the individual Defendants.

## CONCLUSION

After screening the amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b), the Court concludes that Plaintiff's Eighth Amendment claims of deliberate indifference to medical needs and state law claims of medical malpractice against Defendants Dr. Fletcher and Nurse Practitioner Lynch, in their individual capacities, may proceed to service. Plaintiff's claims against Defendant PrimeCare, as well as his official capacity claims against Defendants Dr. Fletcher and Nurse Practitioner Lynch, are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## ORDER

IT HEREBY IS ORDERED that Plaintiff's claims against Defendant PrimeCare, as well as his official capacity claims against Defendants Fletcher and Lynch, are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that Plaintiff's Eighth Amendment deliberate indifference and state law medical malpractice claims against Defendants Dr. Fletcher and Nurse Practitioner Lynch, in their individual capacities, may proceed to service; and it is further

ORDERED that the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, the amended complaint, and this Order upon Defendant Dr. Fletcher and Nurse Practitioner Lynch, without Plaintiff's payment

10

therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Monroe County Attorney's Office is requested to ascertain the full name, with correct spelling, and last known service address of Dr. Fletcher and Nurse Practitioner Lynch within 30 days of the date of this Order. The Monroe County Attorney's Office need not undertake to defend or indemnify these individuals at this time. Rather, this Order merely provides a means by which Plaintiff may name and properly serve these Defendants, as instructed by the Second Circuit in *Valentin*.

The Monroe County Attorney's Office shall produce the information specified above within 30 days of the date of this Order, by mail to the *Pro Se* Litigation Unit, United States District Court, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202. Upon receipt of this information, the Clerk of Court shall amend the caption of this action to reflect the full names of these Defendants, summonses shall issue, and the Court directs service on Defendants, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor. Should the *Valentin* response return personally identifiable information such as a home address, that contact information shall be given to the Marshals Service solely for the purpose of effecting service; this information will otherwise remain confidential; and it is further

11

ORDERED that the Clerk of Court shall forward a copy of this Order and the amended complaint by email to Adam Clark, Deputy County Attorney, Monroe County, at adamclark@monroecounty.gov; and it is further

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants Dr. Fletcher and Nurse Practitioner Lynch shall answer or respond to the remaining claims of the complaint; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:        August 10        , 2026
             Rochester, New York

                                    _____
                                    HON. MEREDITH A. VACCA
                                    United States District Judge